UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| GORDON HENDRIKX,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF UTAH and AGENCIES,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE MOTION FOR APPOINTMENT OF COUNSEL (DOC. NO. 6)**<br><br>Case No. 2:23-cv-00814<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff Gordon Hendrikx filed this action without an attorney and without paying the filing fee.[1]  Mr. Hendrikx now moves for appointment of counsel.[2]  Because Mr. Hendrikx does not provide a reason for his request, the motion is denied without prejudice.

While defendants in criminal cases have a constitutional right to representation by an attorney,[3] "[t]here is no constitutional right to appointed counsel in a civil case."[4]  Appointment of counsel in civil cases is left to the court's discretion.[5]  Indigent parties in civil cases may apply for the appointment of counsel under 28 U.S.C. § 1915(e)(1), which allows a court to

---

[1] (*See* Order Granting Mot. to Proceed in Forma Pauperis, Doc. No. 4; Compl., Doc. No. 5.)

[2] (Mot. for Appointment of Counsel, Doc. No. 6.)

[3] *See* U.S. Const. amend. VI; Fed. R. Crim. P. 44.

[4] *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989).

[5] *Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994).

"request an attorney to represent any person unable to afford counsel."  The applicant has the burden to convince the court his/her/their claim has enough merit to warrant appointment of counsel.[6]  When deciding whether to appoint counsel, the court considers a variety of factors, including "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present [the] claims, and the complexity of the legal issues raised by the claims."[7]

Mr. Hendrikx asks the court to appoint counsel but states no reason or basis for the request, other than that he has been granted leave to proceed without paying the filing fee. Where this is insufficient to warrant appointment of counsel in a civil case, the court DENIES Mr. Hendrikx motion for appointment of counsel[8] without prejudice.  Because the motion is denied without prejudice, Mr. Hendrikx may file a new motion explaining why, under the factors outlined above, his case warrants the appointment of counsel.

DATED this 31st day of January, 2024.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

[6] *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

[7] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted).

[8] (Doc. No. 6.)