UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

|  |  |
|---|---|
| GORDON HENDRIKX,<br><br>        Plaintiff,<br><br>v.<br><br>STATE OF UTAH and AGENCIES,<br><br>        Defendants. | **MEMORANDUM DECISION AND ORDER TO FILE AMENDED COMPLAINT**<br><br>Case No. 2:23-cv-00814<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff Gordon Hendrikx, proceeding without an attorney and without paying a filing fee, filed this action against the State of Utah and its agencies.[1]  Because the complaint is deficient as set forth below, Mr. Hendrikx is permitted to file an amended complaint by **February 21, 2024**.

## LEGAL STANDARDS

When a court authorizes a party to proceed without paying a filing fee, the court must dismiss the case if it determines the complaint "fails to state a claim on which relief may be granted."[2]  In doing so, the court uses the standard for analyzing a motion to dismiss for failure

---

[1] (*See* Compl., Doc. No. 5.)  Although it is difficult to tell, Mr. Hendrikx may also be asserting these claims against the state judges and prosecutors assigned to the criminal case or cases against him.  (*See id.* at 2–3.)

[2] 28 U.S.C. § 1915(e)(2)(B)(ii).

to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[3]   To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[4]   The court accepts well-pleaded factual allegations as true and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor.[5]   But the court need not accept a plaintiff's conclusory allegations as true.[6] "[A] plaintiff must offer specific factual allegations to support each claim."[7]   This court also has an "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."[8]

Because Mr. Hendrikx proceeds without an attorney (pro se), his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."[9] Still, pro se plaintiffs must "follow the same rules of procedure that govern other litigants."[10] For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a

---

[3] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

[4] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[5] *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

[6] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[7] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

[8] *Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (internal quotation marks omitted).

[9] *Hall*, 935 F.2d at 1110.

[10] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

recognized legal claim could be based."[11]  While the court must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements,"[12] the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[13]

## ANALYSIS

Mr. Hendrikx's complaint consists of a form civil rights complaint and an attachment entitled "Petition to Address of Grievance," which consists of nineteen pages of handwritten allegations.[14]  Because Mr. Hendrikx's pleadings are liberally construed, and attachments to a complaint may be considered in determining whether it states a plausible claim for relief,[15] all these documents are considered in evaluating the sufficiency of Mr. Hendrikx's claims.  Because Mr. Hendrikx fails to state a claim over which this court has jurisdiction, he will be given an opportunity to amend his complaint.

---

[11] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[12] *Hall*, 935 F.2d at 1110.

[13] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

[14] (Pet. to Address of Grievance, Doc. No. 5-1.)

[15] *See Smith*, 561 F.3d at 1098 ("In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits, and documents incorporated into the complaint by reference." (citation omitted)).

I.      *Allegations related to criminal proceedings*

Mr. Hendrikx's complaint primarily consists of allegations which appear to relate to state court criminal proceedings against him.  He alleges a state court judge threatened him to "shut . . . up and plead guilty, or be in contempt of court."[16]  Mr. Hendrikx also claims the judge refused to see evidence he provided, and a witness committed perjury.[17]  He seems to assert a false imprisonment claim against the judge and prosecutors in connection with the criminal case.[18]  Mr. Hendrikx further claims the State of Utah, its courts, and its agencies took away his health, "his privileges, [and] his property" because he refused to plead guilty in a criminal case.[19]  Mr. Hendrikx seeks $10,000,000 in damages.[20]

Although the procedural posture of Mr. Hendrikx's criminal cases is unclear,[21] this court lacks jurisdiction over claims related to state court cases under the *Rooker-Feldman* doctrine (if a judgment has been entered) or the *Younger* abstention doctrine (if the cases are ongoing).  Under the *Rooker-Feldman* doctrine, "federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments."[22]  Thus, "[t]he losing

---

[16] (Compl., Doc. No. 5 at 3.)

[17] (*Id.* at 3–4; Pet. to Address of Grievance 8, 11, Doc. No. 5-1.)

[18] (*See* Compl., Doc. No. 5 at 4.)

[19] (Pet. to Address of Grievance 3, Doc. No. 5-1.)

[20] (*Id.* at 1.)

[21] (*See id.* at 12 ("Case I think is pending?").)

[22] *Bisbee v. McCarty*, 3 F. App'x 819, 822 (10th Cir. 2001) (unpublished) (citing *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1982); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923)).

party in a state court proceeding is generally barred from seeking what in substance would be appellate review of the state [] judgment in a United States district court."[23]   Accordingly, the court lacks jurisdiction over Mr. Hendrikx's claims to the extent he seeks to challenge state court proceedings.  The state appellate process is the proper forum for Mr. Hendrikx to raise procedural or constitutional challenges to the state-court proceedings and to request review of any judgments or orders in those proceedings.

"*Younger* abstention dictates that federal courts not interfere with state court proceedings by granting equitable relief—such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings—when such relief could adequately be sought before the state court."[24]

> A federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.[25]

State criminal proceedings involve state law and important state interests,[26] and state trial and appellate courts provide an adequate forum for Mr. Hendrikx's claim that his constitutional

---

[23] *Id.*

[24] *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (citation omitted).

[25] *Id.* (internal quotation marks omitted).

[26] The Supreme Court "has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (citing *Younger*, 401 U.S. at 44–45).

rights are being violated in those proceedings.  To the extent Mr. Hendrikx seeks to challenge ongoing state criminal proceedings, this court must abstain from exercising jurisdiction over those proceedings.  Thus, regardless of whether the state criminal proceedings Mr. Hendrikx seeks to challenge are ongoing or completed, this court lacks jurisdiction over any challenge to those proceedings.

       *II.*    *Other allegations*

       Mr. Hendrikx also checked boxes indicating he is bringing civil rights claims under 42 U.S.C. §§ 1983 and 1985,[27] but his complaint contains no allegations of civil rights violations separate from his challenges to state criminal proceedings.  Mr. Hendrikx also alleges the "State of Utah and its agencies are wasting time, money and energy polluting the air I breath, the ground I walk on, the food I eat and water I drink,"[28] without providing further factual development or stating what law the State of Utah is violating.  These vague allegations and checked boxes are insufficient to state any cognizable claim over which this court has jurisdiction.

       Because the court lacks jurisdiction over Mr. Hendrikx's claim challenging criminal proceedings against him, and the complaint fails to state any other plausible claim for relief, the complaint is subject to dismissal.[29]  Nevertheless, "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has

---

[27] (*See* Compl., Doc. No. 5 at 1.)

[28] (Pet. to Address of Grievance 15, Doc. No. 5-1.)

[29] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

alleged and it would be futile to give him an opportunity to amend."[30]   Accordingly, Mr.

Hendrikx is given an opportunity to amend his complaint.

## CONCLUSION

1.      Mr. Hendrikx may file an amended complaint by **February 21, 2024**.  The words

"Amended Complaint" should appear in the caption of the document.

2.      Mr. Hendrikx is advised that an amended complaint will completely replace all

prior versions of the complaint.  Claims which are not realleged in the amended complaint will

be deemed abandoned.[31]

3.      Once filed, the court will screen the amended complaint under 28 U.S.C.

§ 1915(e) and Rule 3-2(b) of the Local Rules of Civil Practice.[32]

4.      Other than an amended complaint or a new motion to appoint counsel, the

restriction on filing other documents set forth in the court's November 9, 2023 order[33] remains in

place.

---

[30] *Kay*, 500 F.3d at 1217 (internal quotation marks omitted).

[31] *See Pierce v. Williams*, No. CIV 20-284-RAW-SPS, 2020 U.S. Dist. LEXIS 185074, at *6 (E.D. Okla. Oct. 6, 2020) (unpublished) ("An amended complaint completely replaces the original complaint and renders the original complaint of no legal effect." (citing *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991))).

[32] DUCivR 3-2(b), *available at* https://www.utd.uscourts.gov/sites/utd/files/Civil%20Rules%20Final%202023.pdf.

[33] (Doc. No. 4.)

5.      Failure to file an amended complaint may result in dismissal of this action.

DATED this 31st day of January, 2024.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge